————o————

5326.

(Court of Appeal, Parish of Orleans.)

## AMERICAN BREWING COMPANY vs SALVADOR CUQUET.

1. Doctrines announced in *Nick vs. Hall,* 6 Court of Appeal, page 20, are re-affirmed upon facts identical to those presented in that case.
2. Under Act 82 of 1884 the payment of city taxes is not a condition precedent to the vesting of title in the adjudicatee.
3. The notarial deed to the purchaser of property sold for taxes under Act 82 of 1884 is conclusive evidence of the fact that the property was assessed according to law.

Issues of fact only are involved herein.

Appeal from the Civil District Court, Division "D."

Lemle & Moreno, for plaintiff and appellee.

A. J. Peters, R. H. Marr, for defendant and appellant.

GODCHAUX, J.—This is an appeal from a judgment compelling the defendant and appellant to specifically perform a contract of promise of sale of real estate.

With the single exception that the property involved herein different from that involved in the case of Nick vs. Hall, 6 Court of Appeal, page 20, the facts upon the main issue of the defense are identical with that case; and they disclose, as in that case, that the property was placed in the name of Koen, during the existence of the community, without his knowledge or consent, and that the counter letter wherein he discloses that the ownership of the property was in the plaintiff, the American Brewing Company, was placed on record after the dissolution of the community by the death of the wife. As in that case, all necessary parties are before the court, including the minor heirs of Koen's wife, and the record discloses the same exceptional state of facts and exceptional conditions as were presented in the cited case.

The underlying principles announced in the cited case are to the effect that no one can be forced, without his knowledge or acquiescence, to assume the quality or character of owner of property and the obligations flowing therefrom; and where the deed on its face impresses this ownership upon one, who had not signed nor acknowledged it, the latter has the same right to show his disaffirmance and ignorance of the transaction as other parties in interest would have the right to show his acceptance of the same, by evidence de **hors** the deed.

A careful reconsideration of the principles then announced and applied has satisfied the court with the correctness of its conclusions and impels the court to

— 353 —

presently reaffirm same without qualification.

## II.

Defendant further contends that the title is defective because plaintiff's ancestor in title, Martin, who purchased the property at tax sale under Act 82 of 1884, failed to pay certain back taxes as required by the provision of said act.

It is shown that the only taxes Martin failed to pay were city taxes for certain years. The Act of 1884 does not require the payment of these taxes as a condition precedent to the vesting of title in the adjudicatee, but burdens the adjudicatee with the payment of State taxes only.

**Gowland vs. City of New Orleans, 52 An. 2445.**

## III.

The complaint that the sale for taxes under Act 82 of 1884 was based upon an assessment in the name of one not the owner of the property is fully met by the decision **In Re Orloff Lake, 40 An. 142,** where the Supreme Court held that a tax title executed before a notary public under that act was conclusive evidence that the property was assessed according to law.

Moreover the title is protected by the prescription established by Article 233 of the Constitution.

## IV.

In one of the many deeds composing plaintiff's chain of title the property is doubly described, once correctly and once incorrectly. The error is purely clerical and the lot, forming the corner of two streets, cannot fail to be identified by its number which is correctly stated in all the deeds. There is consequently no merit in defendant's objection on this score.

It is admitted that defendant has already deposited with plaintiff 10% of the purchase price and that consequently the judgment should be amended by restricting the interest allowed to the balance due upon the purchase price. As this error has been cured upon proper and timely application in the lower court, the defendant and appellant will not be relieved from liability for costs of this appeal.

It is, accordingly, ordered that the judgment appealed from be amended by restricting the interest allowed to the balance due, namely, $742.50, and that, as thus amended, the judgment is affirmed at appellant's costs.

Judgment amended and affirmed.

May 15, 1911.

Rehearing refused, June 8, 1911.